IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH SHAVERS, )
          Plaintiff, )
 )
vs. ) Civil Action No. 09-1377
) Judge Donetta W. Ambrose/
) Chief U.S. Magistrate Judge Amy Reynolds Hay
SUNFRESH FOOD SERVICE, INC., )
          Defendant. )

REPORT AND RECOMMENDATION

I.     RECOMMENDATION

       Plaintiff, Joseph Shavers ("Shavers"), filed this civil rights action against Sunfresh Food Service, Inc. ("Sunfresh") after Sunfresh allegedly terminated his employment in July of 2009. Sunfresh has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) asking that the complaint be dismissed for failure to state a claim. For the reasons that follow, it is respectfully recommended that the motion [Dkt. 12] be denied.

II.     REPORT

    A.     Factual and Procedural Background

       Shavers is a 49 year old black male who began working for Sunfresh as a truck driver in November of 2004. Amended Compl. ¶¶ 8, 9 [Dkt. 8]. Shavers claims that while employed at Sunfresh he was subjected to racial epithets, insults and threats by both co-workers and management and that despite his complaints, Sunfresh's owners did nothing to correct the racially hostile work environment and, in fact, condoned it. Id. at ¶¶ 11, 12, 14, 17, 18. Shavers also alleges that he was subjected to a racially motivated physical attack by a manager and a co-

worker on July 18, 2009, that was "actuated by the purpose of serving [Sunfresh's owners]," and that no disciplinary action was taken against the individuals involved. Id. at ¶¶ 13, 17, 21, 22, 24, 25, 27. Shavers alleges that thereafter he feared for his safety and has not reported to work since the attack, and that he was, in fact, constructively discharged. Id. at ¶¶ 28, 29.

As a result, Shavers filed a complaint on October 14, 2009, which he amended on December 9, 2009, bringing claims for race discrimination under 42 U.S.C. § 1981 ("Section 1981") at Count I, and assault and battery at Count II. Sunfresh subsequently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is now ripe for review.

B. Standard of Review

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (Finding that, under

2

Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice; noting that the complaint "must allege facts suggestive of [the proscribed] conduct;" and requiring plaintiff to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

C. Discussion

Sunfresh first argues that Shavers' claim brought pursuant to Section 1981 at Count I of the Amended Complaint should be dismissed because it is clear from the original complaint filed by Shavers that he is contemplating bringing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) ("Title VII"), but he has not exhausted his administrative remedies. Because Sunfresh is of the belief that once Shavers receives a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") he will again amend his complaint to include a Title VII claim, it argues that Shavers is clearly attempting to circumvent the administrative procedures enacted by Congress and that the case, as it stands now, is not ripe for adjudication.

Review of Shavers' original complaint shows that, although he was purportedly bringing suit under Section 1981, he also indicated that he had filed a timely charge of discrimination with the EEOC and the Pennsylvania Human Right Commission and that he intended to amend the complaint when he receives the Right to Sue letter. Compl. ¶ 4 [Dkt. 1]. In response, Sunfresh filed a motion to dismiss arguing, much as it has here, that because Shavers was clearly contemplating bringing suit under Title VII, he is required to exhaust his administrative remedies before filing suit and that because Shavers had clearly not received a Right to Sue letter from the EEOC, the complaint should be dismissed. In lieu of responding to

3

Sunfresh's motion to dismiss, however, Shavers filed an Amended Complaint in which he eliminated the paragraph stating that he had filed a charge with the EEOC and intended to amend the complaint when he received a Right to Sue letter, indicating instead -- and correctly so -- that Section 1981 has no exhaustion requirement. Thus, the Amended Complaint gives no indication that Shavers filed a charge with the EEOC or that he intends to file another amended complaint.

Sunfresh nevertheless asks the Court to dismiss the Amended Complaint based on what Shavers asserted in the original complaint. The Amended Complaint, however, nullifies the original complaint and any reference to an EEOC charge. Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit"); California Sun Tanning USA, Inc. v. Electric Beach, Inc., 2010 WL 827725, at *4 (3d Cir. March 11, 2010), quoting King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading") (citation omitted). As such, the allegations in the original complaint cannot provide the basis for dismissing Shavers' Amended Complaint.

Moreover, not only has Sunfresh failed to provide any authority for the proposition that, in the interest of judicial economy, a plaintiff may not pursue a Section 1981 claim where he or she has a pending charge of discrimination before the EEOC, but the Court of Appeals for the Third Circuit has rejected the notion that a Section 1981 claim may be dismissed on the theory that a plaintiff should not be able to bypass the procedures of the Civil Rights Act of 1964 by including a cause of action under Section 1981, finding that "[t]he avenues of relief available under Title VII and § 1981 are independent. The filing of a Title VII charge and resort

to Title VII's administrative machinery are not a prerequisite for maintaining a section 1981 suit." Gooding v. Warner-Lambert Co., 744 F.2d 354, 359 (3d Cir. 1984). See Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 461 (1975) ("[T]he remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent"). See also Johnson v. Host Enterprise, Inc. 470 F. Supp. 381, 383-84 (E.D. Pa. 1979), citing Young v. International Tel. & Tel. Co., 438 F.2d 757, 763 (3d Cir. 1971) ("The administrative procedures required in a Title VII suit create no judicial barrier to a suit under § 1981. Plaintiff's untimely filing of his charge with the EEOC therefore has no effect on his right to proceed on a § 1981 theory"). Thus, whether or not Shavers has exhausted his administrative remedies for purposes of pursuing a Title VII claim or whether or not he seeks to add such a claim at some point in the future does not provide the basis for dismissing his Section 1981 claim in the Amended Complaint and Sunfresh's motion with respect to Count I is properly denied.

Sunfresh also asks that Shavers' claim brought at Count II for assault and battery be dismissed because the employees who allegedly assaulted him were not acting within the scope of their employment and, thus, Sunfresh cannot be held liable for their actions. To support its position, Sunfresh relies principally on Costa v. Roxborough Memorial Hospital, 708 A.2d 490 (Pa. Super. 1998) ("Costa"), in which the court reiterated the principle of law that under certain circumstances an employer can be held vicariously liable for the intentional acts of its employees provided they were committed within the scope of their employment. Id. at 493. The court went on to state that conduct will be considered within the scope of employment for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to

5

perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer. Id. The court also stated that, although the question of whether an employee was acting within the scope of employment is normally a question for the jury, where the act is committed with such excessive and dangerous force "as to be totally without responsibility or reason," committed for personal reasons or in an outrageous manner, it is not actuated by an intent to perform the business of the employer and, thus, is not within the scope of employment. Id. Because the employee in Costa was motivated by personal reasons when he assaulted the security guard and was not acting to further the purpose of his employment in the laundry department, the court declined to find that he was acting within the scope of his employment or that the defendant hospital should be held vicariously liable for his actions. Id. at 493-94.

Here, Sunfresh contends that because the assault described by Shavers in his Amended Complaint was perpetrated in an outrageous manner and with such excessive and dangerous force as to be without responsibility or reason, it cannot be considered conduct within the scope of the employees' employment. Sunfresh's argument, however, overlooks the allegations in Shavers' Amended Complaint, which are notably absent in Costa, that one of the participants in the attack against Shavers was in a managerial position; that the attack was, in fact, "actuated by the purpose of serving the owners/employer and their racial bias;" that Sunfresh was fully aware of the attack on Shavers and another employee but did nothing to correct the situation; and that the owners, in fact, endorsed the racially hostile work environment. See Amended Compl. ¶¶ 13, 16, 17, 19, 22, 25, 26, 34, 36, 37.

These allegations not only expressly state that the assault and battery allegedly suffered by Shavers was perpetrated by a manager and "by a purpose to serve the employer" but they otherwise suggest that the employees' conduct was encouraged by Sunfresh and, thus, is of a nature that the employee was expected to perform. Under these circumstances, it cannot be said, at least at this juncture, that the employees were not acting within the scope of their employment. See Brown stein v. Gieda, 649 F. Supp. 2d 368, 377 (M.D. Pa. 2009), quoting Orr v. William J. Burns International Detective Agency, 337 Pa. 587, 12 A.2d 25 (1940) (Noting that in Orr, "the Pennsylvania Supreme Court determined that an employer could be vicariously liable for the actions of an employee who shot a striker while serving as a guard during a contentious labor dispute . . . conclud[ing] that '[t]he master who puts the servant in a place of trust or responsibility, and commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another'") (internal citations omitted). As such, Sunfresh's motion to dismiss with respect to Shavers' claim for assault and battery brought at Count II is properly denied as well.

D. Conclusion

For these reasons it is respectfully recommended that the motion to dismiss submitted by defendant [Dkt. 12] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2 B, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and

Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

                              Respectfully submitted,

                              /s/ *Amy Reynolds Hay*
                              Chief United States Magistrate Judge

Dated: 2 June, 2010

cc:      The Honorable Donetta W. Ambrose
         United States District Judge

         The Honorable Amy Reynolds Hay
         Chief United States Magistrate Judge

         All Counsel of Record Via CM-ECF