IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SHAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 9-1377 |
| | ) | |
| SUNFRESH FOOD SERVICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, District Judge

## OPINION
### and
### ORDER OF COURT

Plaintiff Joseph Shavers worked as a truck driver for Defendant Sunfresh Food Service ("Sunfresh"), Inc. for approximately four and one half years. He claims he was constructively discharged because of a racially hostile environment. He seeks redress under 42 U.S.C. § 1981 for racial discrimination and under Pennsylvania law for assault and battery.

Sunfresh has filed a Motion for Summary Judgment. See ECF Docket No. [42]. Sunfresh urges that both Shavers' § 1981 claim and his assault and battery claim are fatally flawed. Shavers disagrees. For the reasons set forth below, I find that genuine issues of

1

material fact exist which preclude the entry of summary judgment with respect to Shavers' § 1981 claim, but agree that Sunfresh is entitled to the entry of summary judgment in its favor on the claim for assault and battery.

Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the

2

nonmoving party. Anderson, 477 U.S. at 248. Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

I. Count I – 42 U.S.C. § 1981

In Count I, Shavers seeks compensation for having been subjected to a "racially hostile environment." See ECF Docket No. [8], ¶ 39. To prove that Sunfresh subjected him to a hostile work environment, Shavers must prove that:

(1) [he] suffered intentional discrimination because of the protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected [him]; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.

Griffin v. Harrisburg Property Services, Inc., 421 Fed. Appx. 204, 207 (3d Cir. 2011) (noting that the elements of a racially hostile work environment are the same under Title VII and § 1981).

3

Sunfresh attacks the sufficiency of Shavers' case only with respect to three of these elements: that he suffered intentional discrimination because of his race; that the discrimination was severe or pervasive; and that a basis for employer liability exists. After careful review, I find that the record before me contains genuine issues of material fact on each of these elements.[1]

With respect to the first element – demonstrating that he suffered intentional discrimination because of his race, Sunfresh's focus upon Shavers' allegation that he was attacked by a customer; that co-workers attempted to open his paychecks; that the supervisors never engaged in any racial discrimination; and that the altercation on Shavers' last day of employment, is misplaced. Shavers has proffered in his deposition and during the Unemployment Compensation Hearing evidence that Bonnie Ray called him an "f'ing nigger" on multiple occasions. See ECF Docket No. [45-2], p. 15. Clearly such language reflects race-based discrimination and is sufficient to withstand a motion for summary judgment.

With respect to the second element, Shavers must demonstrate that the discrimination was "severe or pervasive." Sunfresh "respectfully submits that the alleged harassment by one co-worker, who gives a lot of employees trouble, regardless of race, does not constitute severe

---

[1] Sunfresh objects to Shavers' failure to follow some of the protocol with respect to summary judgment motions. Yet as the Supreme Court noted, "[e]ven in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties." See Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008) citations omitted. I am satisfied that Shavers has made sufficient efforts to comply with the governing Rules even if his efforts may have fallen short in some respects.

4

and pervasive discrimination … ." See Docket No. [44], p. 7. That Bonnie Ray may have made the work environment hostile for many people does not preclude the possibility that she engaged in severe or pervasive discrimination with respect to Shavers. I find that reasonable jurors could conclude that Bonnie Ray's repeated use of the word "nigger" and "f'ing nigger" in reference to Shavers constituted "severe or pervasive" harassment. See Griffin v. Harrisburg Property Services, Inc., Civ. No. 8-1655, 2009 WL 4061229 at * 6 (M.D. Pa. November 23, 2009) (finding a triable issue of fact regarding whether alleged activity was significantly severe or pervasive to establish a hostile work environment where the conduct consisted of two comments and a text message, one of which included the word "nigga"). "While simple teasing, off-hand comments, and isolated incidents usually do not amount to discriminatory changes in the terms and conditions of employment, the use of racial epithets – especially the word "nigger," which has a long and sordid history in this country – can quickly change the atmosphere, environment, and culture of a workplace from positive to poisonous." Griffin, 2009 WL 4061229 at * 6, *citing*, Rodgers v. W.S. Life Ins. Co., 12 F.3d 668, 675 (7th Cir. 1993) (finding that the use of the word "nigger" on just two occasions contributed to a hostile work environment).

Turning to the fifth element – whether Shavers has established a basis for employer liability – I look for guidance to the Third Circuit which cautions that "[t]he fifth element of establishing a hostile work environment depends on whether the harasser is the victim's supervisor or merely a co-worker." Griffin, 421 Fed. Appx. at 208, *citing*, Huston v. Proctor & Gamble Paper Prod. Corp., 568 F.3d 100, 104 (3d Cir. 2009). Where the supervisor is the harasser:

> [a]n employer is subject to vicarious liability to a victimized employee … When no tangible employment action is taken, a defending employer may raise an affirmative defense … compris[ing] two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any [] harassing behavior, and () that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257 (1998), Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275 (1998). Where the harasser is a co-worker, the employer is not automatically liable. Huston, 568 F.3d at 104. Rather, when the harasser is a co-worker, employer liability attaches "only if the employer failed to provide a reasonable avenue for complaint, or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action." Id.

Griffin, 421 Fed. Appx. at 208.

Here, genuine issues of material fact exist concerning Sunfresh's liability regarding the conduct of Shaver's co-worker Bonnie Ray.[2] Evidence of record suggests that Bonnie Ray used

---

[2] It is unclear whether Frank Ray would constitute a "manager" or a "co-worker." Neither party adequately briefed this issue and the Court will not venture a guess.

racial epithets on numerous occasions at the workplace. Shavers testified that he complained to Sunfresh's owners about the remarks to no avail. Additionally, on at least one occasion, the racial epithet was directed at Shavers in front of one of Sunfresh's owners. According to Shavers, whose version of the facts I must accept as true at this procedural juncture, there was no consequence for the use of the word. Sunfresh has not offered any evidence demonstrating that it took prompt or remedial action in these instances. Accordingly, summary judgment cannot be granted.[3]

II.  Count II – Assault and Battery

Shavers also pursues a claim for assault and battery. Sunfresh Foods urges that it cannot be held liable for any alleged assault by its employees, despite Shavers' contention to the contrary. I agree with Sunfresh Food. As set forth by the Superior Court of Pennsylvania in R.A., by and through N.A. and D.A. v. First Church of Christ, 748 A.2d 692, 699 (2000):

> It is well settled that an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment. Fitzgerald v. McCutcheon, 270 Pa. Super. 102, 410 A.2d 1270, 1271 (1979). In certain circumstances, liability of the employer may also extend to intentional or criminal acts committed by the employee. Id. The conduct of an employee is considered "within the scope of employment" for

---

[3] Shavers also references an attack by a customer and co-workers bothering him about his paycheck. Shavers offers no explanation of how Sunfresh can be liable for an attack by its customer, particularly where there is no indication that Sunfresh was ever provided notice of the attack. Further, there is no indication that the opening of Shavers' paycheck was motivated by race. Accordingly, I do not find Shavers' reliance upon these incidents to be convincing.

purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

R.A. By and Through N.A. v. First Church of Christ, 748 A.2d at 699. Here, Shavers has not offered any evidence or a convincing argument that the alleged attack by Frank Ray was actuated, at least in part, by a purpose to serve Sunfresh, or that such use of force was not unexpected by Sunfresh. Indeed, Pennsylvania "courts have held that an assault committed by one employee upon another for personal reasons or in an outrageous manner is not actuated by an intent to perform the business of the employer and, as such, is not within the scope of employment." R.A. By N.A., 748 A.2d at 700, *citing*, Fitzgerald, 410 A.2d at 1272. Here, Shavers has not alleged, or proven, anything other than that Frank Ray engaged in an altercation at work for personal reasons – to defend his wife who was involved in a dispute with Shavers.

Consequently, I find that Sunfresh is entitled to the entry of summary judgment in its favor.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SHAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 9-1377 |
| | ) | |
| SUNFRESH FOOD SERVICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, District Judge

ORDER OF COURT

AND NOW, this 18th day of January, 2012, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (Docket No. [42]) is hereby GRANTED in part and DENIED in part. It is granted in that judgment in entered in favor of the Defendant on the claim in Count II for assault and battery. It is denied insofar as Plaintiff's claim under 42 U.S.C. § 1981 will proceed.

A Status Conference / Settlement Conference will be held on February 29, 2012 at 11:30 a.m. in the Chambers of the Honorable Donetta W. Ambrose.

BY THE COURT:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court